# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        No. CR 15-02455 WJ

RICARDO MARTINEZ-CHAVERO.,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## UNITED STATES' MOTION TO EXCLUDE WITNESS TESTIMONY

THIS MATTER comes before the Court upon the United States' Motion to Exclude Witness Testimony (**Doc. 44**), filed February 5, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that the United States' Motion to Exclude Witness Testimony is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

On July 24, 2015, Defendant Ricardo Martinez-Chavero ("Defendant") filed a Motion for Return of Property pursuant to FED. R. CRIM. P. 41(g). On August 11, 2015, this Court held a sentencing hearing and sentenced Defendant to forty-one days custody. At the time of sentencing, the Court also took up Defendant's Motion for Return of Property. The property at issue was brought to the hearing by Federal Agents and the United States was willing to turn over the property to Defense counsel Margaret Strickland at that time. Ms. Strickland requested that the Court instead order Border Patrol to make arrangements with the facility in which Defendant was being held in order to return the property directly to him. The Court refused to

order Border Patrol to do so, and stated that if Ms. Strickland would not accept the property, then Border Patrol could destroy it. Ms. Strickland on behalf of Defendant urged the Court to proceed to sentencing and the Court sentenced Defendant to time served so on August 14, 2015, Defendant was removed from the United States. Ten days later, Defendant filed a Notice of Appeal, indicating that Defendant was appealing the Court's order on the Motion for Return of Property. Ms. Marisa Lizarraga, an Assistant United States Attorney, contacted Border Patrol, instructing them not to destroy the property while the appeal was pending. On September 10, 2015, the Court ordered a Notice of Hearing, requesting live testimony and briefing from both parties (**Doc. 29**). As part of the Court's order, the Court requested that both sides file a witness list summarizing the expected testimony of each witness. On October 29, 2015, Defendant filed a witness list naming five potential witnesses (**Doc. 32**). The United States filed a Motion to Exclude Witness Testimony (**Doc. 44**) on February 5, 2016. Defendant filed a Response (**Doc. 45**) on February 19, 2016.

## LEGAL STANDARD

The threshold issue in determining the admissibility of evidence is relevance. Federal Rule of Evidence 401 states that, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Although the threshold burden for showing that evidence is relevant is low, the rules do "not sanction the carte blanche admission of whatever evidence a defendant would like. The trial judge is the gatekeeper under the Rules of Evidence." *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007).

Generally, the rules of evidence do not apply to pretrial hearings. *See* FED. R. EVID. 1101(d)(3). However, case law tepidly suggests that the reason behind abandoning the rules of

evidence at pretrial hearings is primarily to allow courts to consider hearsay evidence. *See, e.g.*, *United States v. Solis*, 156 F.3d 1244, *5 (10th Cir. Aug. 10, 1998) (noting defendant's argument that the judge is not bound by the hearsay rule in preliminary fact determinations, but rules governing objections, judicial notice, and the scope of examination continue to apply as "interesting" but "unnecessary to decide"). Thus, a court is well within its sound discretion to exclude irrelevant evidence for any matter of issue before the court. *See United States v. Young*, 401 F. App'x 316, 319 (10th Cir. 2010).

Rule 41(g) directs a district court to "receive evidence" on issues of fact necessary to dispose of the motion. *See* FED. R. CRIM. P. 41(g). Courts have found that consideration of a Rule 41(g) motion requires a multi-step process. *See United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010). First, the claimant must demonstrate that he is entitled to the property. *See id*. The Court must then consider whether the property can legally be returned to the claimant. *See id*. at 582. Evidence need only be received on disputed issues of fact. *See id*. at 580-82.

### DISCUSSION

Defendant's Witness List (**Doc. 32**) requests the following witnesses: (1) Mr. C.J. McElhinney, a lawyer in Las Cruces, New Mexico appointed to the Criminal Justice Act ("CJA") Panel. Mr. McElhinney is expected to testify that persons accused of immigration offenses do not have their property returned; (2) Ms. Rocio Melendez, a lawyer in Juarez, Chihuahua, Mexico. Ms. Melendez is expected to testify regarding the effect on migrants[1] when their property is taken; (3) Dr. Jeremy Slack, a professor at the University of Texas at El Paso. Dr. Slack is expected to testify about the percentage of migrants who have their personal

---

[1] The term "migrants" was used by Defense Counsel in her pleadings. The Court draws a distinction between those "migrants" who are in the United States legally versus those "migrants", like Defendant, who enter the United States illegally. There is no dispute that Defendant illegally reentered the United States without authorization from the appropriate authorities of the United States Government.

belongings taken and the systematic problem of dispossession; (4) Mr. Cesar Pierce-Valera, a lawyer in Las Cruces, New Mexico appointed to the CJA Panel. Mr. Pierce-Valera is expected to testify that there is no effective method by which CJA panel attorneys can return their clients' property; (5) Mr. Gilbert Apodaca, an investigator at the Federal Public Defender's Office in Las Cruces, New Mexico. Mr. Apodaca is expected to testify about the method by which the Federal Public Defender's Office manages to return some of their clients' property.

In their Motion to Exclude, the Government requests the Court to exclude all the testimony of Defendant's proffered witnesses as irrelevant. The Government argues that the only issue before the Court is whether the property seized from Defendant during his arrest should have been or should be returned, and what efforts, if any, have been made to return the property to him. The Government does not dispute that Defendant is entitled to the property. Thus, they argue that the proposed testimony of Mr. McElhinney, Mr. Cesar Pierce-Valera, and Mr. Apodaca is irrelevant as it does not touch on potential issues of disputed fact. The Government also argues that there is no dispute that the property belongs to the Defendant. The only issue is whether the property should be returned to this particular Defendant. Thus, the Government argues that the proposed testimony of Ms. Melendez and Dr. Slack discussing property dispossession generally among migrants does not involve any disputed issue of fact necessary to determine resolution of the Motion.

Defendant's Response expands on the particular issues each proposed witness would testify about. The Response also attaches as exhibits several articles and research papers detailing the plight of migrants once they are deported to Mexico.

The Court agrees with the Government that the testimony of Defendant's proposed witnesses does not touch on any disputed issue of fact necessary to determine resolution of the

Motion. None of the proposed testimony of the witnesses relates to the Defendant himself; rather, some proposed witnesses seek to generally discuss migrants and the difficulties they may face if their property is not returned. Other proposed witnesses seek to testify that other persons do not have their property returned. The Court finds the proposed testimony either irrelevant or unnecessary to determine the resolution of the Motion. Therefore, the Court finds that the testimony of all of Defendant's proposed witnesses will be excluded.

Accordingly, the Court finds that the United States' Motion to Exclude Witness Testimony is well taken, and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE