IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                      No. CR 15-02455 WJ

RICARDO MARTINEZ-CHAVERO,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS

THIS MATTER comes before the Court upon the United States' Proposed Findings of Fact and Conclusions of Law and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (**Doc. 51**), filed March 22, 2016. Having reviewed the parties' written and oral arguments, the testimony and evidence presented at the hearing, and the applicable law, the Court finds that the United States' Motion to Dismiss is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

On July 2, 2015, Defendant Ricardo Martinez-Chavero ("Defendant" or "Mr. Martinez-Chavero") was arrested and charged with reentry after deportation, in violation of 8 U.S.C. § 1326. At the time of his arrest, the following items were seized from Defendant: (1) two cell phones; (2) a Visa debit card; (3) a set of keys; and (4) approximately 4,500 Mexican pesos. Attorney Margaret Strickland was appointed to represent Defendant on July 7, 2015. Ms. Strickland emailed Marisa Lizarraga, an Assistant United States Attorney, on July 24, 2015,

asking for her position on a Motion requesting that the property in question be returned to Defendant prior to his removal from the United States. Ms. Lizarraga suggested that Ms. Strickland instead contact Ruben Gonzalez, a Border Patrol liaison with the United States Attorney's Office, to coordinate returning the property to Ms. Strickland. Ms. Strickland replied that returning the property to her differed from returning the property to the Defendant himself. Defendant subsequently filed the Motion for Return of Property (**Doc. 14**) on July 24, 2015. On August 11, 2015, this Court held a sentencing hearing and sentenced Defendant to forty-one days custody, a "time served" sentence. (**Doc. 18**).

At the sentencing hearing, the Court observed that there were two matters pertaining to Defendant, what sentence to impose and Defendant's Motion for Return of Property (**Doc. 37**, p. 3). The Court then asked Ms. Strickland which matter she wanted to take up first and she responded that Defendant should be sentenced first and the Court agreed with her request and sentenced the Defendant. *See id.* After the Court imposed sentence, the property issue was discussed. Representatives of the U.S. Border Patrol brought the Defendant's property to the sentencing hearing and were willing to deliver the property to Ms. Strickland in open court when Defendant was sentenced. At the time of sentencing, the Defendant was one of many defendants sitting in the courtroom of the Las Cruces Courthouse awaiting to be sentenced for illegally reentering the United States pursuant to a "fast track plea agreement" which the U.S. Attorney offers to many illegal aliens charged with illegally reentering the United States. The Defendant, like all the other illegal reentry Defendants in the courtroom that day, was in the custody of the U.S. Marshals Service and was handcuffed which is the customary practice of the U.S. Marshals Service for in-custody defendants in the District of New Mexico and the other southwest border districts given the high volume of in-custody defendants and the obvious security concerns

associated with so many in-custody defendants all sitting together in a courtroom. Consequently, given Defendant's custodial status, there was no feasible way at the time of sentencing for Defendant to take possession of two cell phones, a Visa debit card, a set of keys and approximately 4,500 Mexican pesos. Neither the U.S. Marshals Service, the U.S. Border Patrol nor any detention center contracted to house pretrial detainees will allow in-custody defendants to personally possess the type of property items at issue for obvious security reasons.

Ms. Strickland requested instead that the Court order the U.S. Border Patrol to make arrangements with the detention facility where Defendant was being housed in order to return the property directly to him. The Court refused to order U.S. Border Patrol to do so, and stated that if Ms. Strickland would not accept the property, then U.S. Border Patrol could destroy the personal property items.

On August 14, 2015, three days after Defendant was sentenced, he was removed from the United States. Ten days later, Ms. Strickland filed a Notice of Appeal on behalf of the Defendant, indicating that Defendant was appealing the Court's order on the Motion for Return of Property (**Doc. 21**). Ms. Lizarraga contacted representatives of the U.S. Border Patrol, instructing them not to destroy the property while the appeal was pending (**Doc. 51**, Ex. 5).

On November 10, 2015, the Court issued an order setting a hearing on the Motion for Return of Property for November 18, 2015, noting that the Court continued to have jurisdiction over the matter because Defendant's appeal did not follow a final order from the Court. At a telephonic status conference on November 10, 2015, Ms. Lizarraga suggested that the parties attempt to resolve this matter and Ms. Strickland was not opposed to settlement discussions so the Court vacated the hearing. However, at a status conference on January 25, 2016, counsel informed the Court that a resolution could not be reached, and the Court set a hearing for April

3

25, 2016.

On March 15, 2016, Ms. Lizarraga sent Ms. Strickland a letter indicating that the United States still had Defendant's property, and would be able to turn the property over to Ms. Strickland or any relative or associate of Defendant. The letter also inquired about current contact information for Defendant, indicating that the United States was willing to make efforts to return the property to Defendant in Mexico. Ms. Strickland responded that she lacked current contact information for the Defendant, and noted that as Defendant moves frequently for work, the address known by the United States is likely no longer Defendant's residence. Ms. Strickland further noted that in previous cases, the United States has been unable to mail currency internationally and unable to mail cell phones internationally because cell phones have lithium batteries.

The United States filed a Motion to Dismiss for Lack of Jurisdiction (**Doc. 51**) on March 22, 2016. Defendant filed a Response (**Doc. 52**) on March 31, 2016, and the United States filed a Reply (**Doc. 54**) on April 14, 2016. The Court held a hearing on this matter on April 25, 2016.

### LEGAL STANDARD

Federal Rule of Criminal Procedure 41(g) provides a mechanism by which any person may seek to recover property seized by federal agents. In the Tenth Circuit, proceedings surrounding a motion for return of property seized in a criminal case are civil in nature. *See United States v. Madden*, 95 F.3d 38, 39 (10th Cir. 1996) (quotations omitted). Consideration of a Rule 41(g) motion requires the claimant to first demonstrate that he is entitled to the property. *See United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010). Then, the Court must determine whether the property can legally be returned to the claimant. *See id.* at 582.

Article III of the United States Constitution restricts the decision-making power of the

federal judiciary to cases involving a "case or controversy." U.S. CONST. art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Constitutional mootness is grounded in the requirement that any case or dispute that is presented to a federal court be definite, concrete, and amenable to specific relief. *See Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011). When a claim becomes moot, the court lacks subject matter jurisdiction over the claim. *See Mink v. Suthers*, 482 F.3d 1244, 1257 (10th Cir. 2007). One exception to a claim of mootness is a defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time. *See Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008). Another exception to the mootness doctrine exists when cases are capable of repetition but evading review. *See id*. (citations omitted).

Rule 12(b)(1) empowers a court to dismiss a claim for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

## DISCUSSION

The United States argues that Defendant's Motion for Return of Property is moot, as there is no way of contacting Defendant or locating him in Mexico. Since there is no way to facilitate the return of property to the Defendant, there is no actual or justiciable controversy for the Court to consider. The United States notes that it has made several attempts to return the

property to Defendant. Ms. Strickland was informed that she could coordinate with the U.S. Border Patrol liaison in order to facilitate return of the property. Further, the property was brought to the sentencing hearing so that Ms. Strickland could facilitate the return of the property to her client. The United States argues that if this Court was to now order the United States to attempt to return Defendant's property to him, nothing would be accomplished as there is no way to contact Defendant or ascertain his whereabouts.

Ms. Strickland, on behalf of Defendant, responds that appointed defense attorneys are not assigned as agents to do the work of property return, and Ms. Strickland has adamantly declined to voluntarily do such work. Defendant argues that the property issue was not moot at the time of sentencing, as the Court could have ordered the United States to make arrangements to return the property to the Defendant before his removal to Mexico. Defendant[1] notes that the fact that defense counsel cannot assist the United States in returning the subject property does not conclusively show that the property cannot be returned. Defendant argues that two exceptions to the mootness doctrine apply. First, the United States cannot escape review by ceasing its unlawful conduct by now offering to take on the task of return. Second, issues that are capable of repetition without review are still ripe for litigation. Defendant concludes that the United States has not shown that interim relief or events have completely and irrevocably eradicated the effects of the alleged violation, as required by *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

The United States counters that this case does not fall within either exception to the mootness doctrine. First, the case is not capable of repetition but evading review because there is no reasonable expectation that the Defendant will attempt to illegally reenter the county and be subject to the same policies he challenges. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)

---

[1] Given that defense counsel does not know how to contact her client, in reality the arguments made are those of defense counsel and not Defendant, as Defendant was deported in August of 2015.

(finding the exception did not apply to a plaintiff challenging parole procedures who had been released from parole during the pendency of the litigation as there was no demonstrated probability that he would be subject to the same parole system). Second, there is no voluntary cessation of an illegal practice, as there is no evidence that the U.S. Border Patrol has engaged in any illegal practice. The only illegal activity that has occurred in this case was Defendant's illegal reentry into the United States.

The United States further argues that Defendant confuses the standing doctrine with the mootness doctrine in arguing that at the time of the Motion for Return of Property, the issue was not moot. Rather, a case becomes moot when a plaintiff no longer suffers an actual injury that may be redressed by a favorable judicial decision. *See Ind. v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015). The United States concludes that it has no obligation to locate Defendant in Mexico so that it may return his property to him, and on the contrary, it appears that Defendant himself has abandoned any efforts to have his property returned since the record in this case demonstrates that Defendant wanted to be sentenced to time served knowing that he would be promptly deported and that is in fact exactly what happened.

The Court finds that the United States' Motion to Dismiss should be granted and, therefore, Plaintiff's Motion for Return of Property should be denied as moot. The true origin of Defendant's deprivation of property is Ms. Strickland's unwillingness to accept Defendant's property on the day he was sentenced or to offer any constructive solution other than to make the unreasonable demand that the United States Government expend resources it does not have to locate the Defendant, after his deportation, in the sovereign nation of Mexico.

The Court finds significance in the fact that at Defendant's sentencing hearing on August 11, 2015, the Court asked Ms. Strickland whether Defendant would prefer to have the Court hear

the Motion for Return of Property first or whether Defendant would prefer to be sentenced that very day since he was eligible for a time served sentence that would result in deportation to Mexico in a few days. Ms. Strickland advised the Court that Defendant wanted to be sentenced that day, and the Court did in fact impose a "time served" sentence. The property at issue was present at the sentencing hearing, and the Court stated that if Ms. Strickland would not accept the property, then the U.S. Border Patrol was authorized to destroy the property.[2] The Court finds that Ms. Strickland was in the best position to ensure that Defendant received his property before his removal from the United States and she chose not to do so. As a result, Ms. Strickland herself created the situation now before the Court: while the opportunity to return the property to the Defendant may have existed in the past, there is now no realistic or practical solution to return the property to the Defendant. Ms. Strickland does not have contact information for Defendant and believes the address possessed by the United States is no longer accurate. Therefore, the Court finds that to order the United States to attempt to return Defendant's property would accomplish nothing other than wasting limited time and scarce resources of agencies of the United States Government, as there is no way to ascertain Defendant's whereabouts, and thus, Defendant's Motion for Return of Property is not amenable to specific relief. In other words, Defendant's motion is now moot.

As to the two exceptions to the mootness doctrine advanced by Defendant, the Court agrees with the United States that neither exception applies. First, the case is not capable of repetition but evading review because there is no reasonable expectation that the Defendant will attempt to again illegally reenter the United States and be subject to the same policies he challenges. While this Court certainly has the experience of defendants appearing in court

---

[2] Defendant's property was not destroyed, as after sentencing, Defendant filed a Notice of Appeal and Ms. Lizarraga requested that the U.S. Border Patrol retain the property at issue.

multiple times on illegal reentry charges, the Court must assume that Defendant "will conduct [his] activities within the law and so avoid prosecution and conviction." *O'Shea v. Littleton*, 414 U.S. 488, 498 (1974); *see also Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993) (noting that although a prisoner's future violation of prison rules may be a very real possibility given his past misconduct, "we must assume that Knox will abide by prison rules"). Second, there is no voluntary cessation of an illegal practice as there is no evidence that the U.S. Border Patrol, or any other agency of the United States Government, has engaged in any illegal practice.

Even if the Court was to reach the merits of Defendant's Motion for Return of Property, it is clear that neither the U.S. Border Patrol nor any other agency of the United States Government is under any obligation to expend resources to track down individuals who have been sentenced and deported in order to return their property to them. To agree with Defendant and order the United States to attempt return of Defendant's property would place an unreasonable burden on agencies of the United States Government and in effect judicially create a new administrative procedure regarding executive branch agencies handling of the personal property of defendants charged with illegal entry or reentry offenses. Defendant and his attorney seem to lose sight of the fact that had Defendant respected the laws of the United States and not illegally reentered this country, then Defendant would have his property and the Court would be in a position to devote its time and resources to cases that truly have merit.

For the above stated reasons, the Court finds United States' Motion to Dismiss is well taken, and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE